# United States District Court
# District of Massachusetts

NATIONWIDE MUTUAL
    INSURANCE COMPANY,
        Plaintiff,

    v.                               CIVIL ACTION NO. 2008-11073-DPW

SPINAL IMAGING, INC., ET AL.,
        Defendants.

*MEMORANDUM AND ORDER
ON DEFENDANT ABELSON'S
MOTION TO COMPEL PLAINTIFF
TO FURTHER [sic] RESPOND
TO ABELSON'S REQUEST FOR
PRODUCTION OF DOCUMENTS
PURSUANT TO FED. R. CIV. P. 37(a)
<u>AND LOCAL RULE 37.1 (#162)</u>*

COLLINGS, U.S.M.J.

    In his Motion to Compel, Etc. (#162), defendant Bruce Abelson ("Abelson") complains of the manner in which the plaintiff, Nationwide Mutual

Insurance Company ("Nationwide"), has responded to his requests for documents. Abelson's complaints have been aired on numerous occasions at hearings during this litigation, and the Court has found them to be without merit. Abelson's pleadings *anent* the latest motion to compel do not prompt the Court to change its view.

Reading the papers, the problem seems to be that Abelson wants Nationwide to separate out those exhibits which it intends to use at trial to prove liability. Thus, Request #1 calls for production of "[i]tems of fraudulent billing"; Request #2 seeks discovery of "[i]tems of fraudulent upcoding and/or overbilling...." The remaining nine requests are phrased in a similar manner.

Plaintiff has invoked Rule 34(b)(2)(E)(i), Fed. R. Civ. P., which directs a party to "...produce documents as they are kept in the usual course of business...." In support of its position that reliance on that provision was appropriate and that it complied with its provisions, plaintiff avers as follows:

> Nationwide produced the majority of its documents pursuant to Fed.R.Civ.P. 34(b)(2)(E)(i), "as they are kept in the usual course of business." Specifically, for each of the Nationwide-insured patients of the Defendants whose treatment bills and records formed the basis of Nationwide's Complaint, Nationwide kept each patient's records in an individual claim file in its usual course of business. Accordingly, in producing its

Initial Disclosures of documents, Nationwide organized the patient files into approximately sixty (60) banker boxes, with each of the banker boxes holding multiple patient files. Moreover, the outside of each banker box displayed a typed index which identified the specific patient files contained therein. In addition to the patient files, Nationwide produced copies of hundreds of checks, representing payments it made in reliance upon the Defendants' fraudulent scheme, and which are included in Nationwide's computation of damages.

On April 5, 2010, Nationwide supplemented its Initial Disclosures pursuant to Fed.R.Civ.P. 26(e). The supplemented information was in a chart which further described the specific patient files at issue. Whereas the July 2, 2009 Initial Disclosures identified the files by 1) Nationwide claim region, 2) Nationwide claim number, 3) patient name, 4) patient's state of residence, 5) date of loss, and 6) the name of the Spinal Imaging chiropractic radiologist performing the alleged service, the April 5, 2010 supplementation also provided the date, if known, of Spinal Imaging's written report.

On August 16, 2010, Nationwide served its Responses to Abelson's First Request for the Production of Documents. At that time, Nationwide did not disclose any additional documents. As all responsive documents had been previously disclosed to the Defendants on July 2, 2009, Nationwide referred Abelson, where applicable, to its Initial Disclosure of documents. These very documents have been available for complete inspection for over two (2) years. This Court has already strongly recommended that the Defendants' counsel view all documents, yet, since a handful of days in January 2010 when they inspected a small fraction of Nationwide's documents, the Defendants have apparently abandoned their

    document inspection efforts....

#168 at pp. 3-4 (footnote omitted).

  On the basis of these statements, it is hard to see how Nationwide has failed to comply with Rule 34(b), Fed. R. Civ. P., and the cases which Abelson cites (#163 at p. 12[1]) do not support a conclusion that Nationwide has failed in its discovery obligations. As one judge has noted, "...the option of producing documents 'as they are kept in the usual course of business' under Rule 34...is available to commercial enterprises or entities that function in the manner of commercial enterprises." *Securities and Exchange Comm'n v. Collins & Aikman Corp.,* 256 F.R.D. 403, 412 (S.D.N.Y., 2009). There can be no question that Nationwide is a commercial enterprise, and as part of its business, it maintains claim files. It has produced the records in this manner, i.e., by producing the claim files. The reason for allowing production in this manner is "...the assumption that....the documents will be organized — that records kept in the usual course of business would not be maintained in a haphazard fashion."

---

[1] The Court is shocked at the totally improper manner in which counsel cited some of the cases. Citing the name of the case and only the court and the year of decision and nothing more (e.g., *SEC v. Collins & Aikman Corp.* (S.D.N.Y., 2009)) is inexcusable. A law student would know the correct method of citation at least by the end of the first semester. The Court was sorely tempted to strike Abelson's memorandum but in view of the length of time it has taken to get this far in the litigation, the Court did not take that route which would have caused more delay.

*Securities and Exchange Comm'n,* 256 F.R.D. at 411.

Other cases cited by Abelson deal with problems which are not applicable in the instant case. Each of the boxes has an index, and an overall chart has been produced. Thus, the problem of a lack of an index or a table of contents identified in the case of *Residential Constructors, LLC v. Ace Property and Casualty Ins. Co.,* 2006 WL 1582122 (D. Nev., June 5, 2006) simply does not exist in the instant case. In the case of *In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. 351, 362-64 (N.D. Ill., 2005), the judge found that documents which had been placed into storage had not been maintained in the usual course of business. No such issue exists in the instant case; the claim files had not been placed in storage. Other cases cited by Abelson are inapposite.

As stated, *supra,* Abelson complains that after whatever inspection he and/or his agents conducted on the documents produced, they can find no evidence of fraud.[2] Passing the thought that that fact might make a defendant quite happy, the bottom line is that Abelson has received all he is entitled to under the Federal Rules of Civil Procedure. Nationwide will not be able to use

---

[2] In the Court's experience, fraud is most often proved by testimony, either non-expert or expert, based on documents. In other words, the documents themselves would not necessarily at first blush suggest fraud. For this reason, it is probably not surprising that Abelson's lawyers found that the documents in and of themselves did not, at least to them, suggest fraud. In the usual case, it is the testimony of a witness or witnesses based on the documents which would permit a finding of fraud.

at trial any documents which were requested and not produced nor will Nationwide be permitted to introduce any documents withheld on grounds of privilege or work-product protection.[3]

In these circumstances, the Court strictly admonished Abelson's counsel on March 10, 2011 that any future motions to compel "…must be conferenced before filing and must seek specific documents and not be a catch-all motion to compel production of all documents they have requested." The plain fact is that the instant motion is precisely that, a catch-all motion, and is in direct contravention of the Court's admonition.

For all of these reasons, it is ORDERED that Abelson's Motion to Compel, Etc. (#162) be, and the same hereby is, DENIED.  Further, on the basis of the foregoing analysis, the Court finds that the motion to compel was not "substantially justified" and no "other circumstances make an award of expenses unjust." Rule 37(a)(5)(B), Fed. R. Civ. P.  Accordingly, the Court ORDERS that Albert E. Grady, Esquire and Ann Pinheiro, Esquire, pay to counsel for Nationwide "its reasonable expenses incurred in opposing the motion, including attorney's fees." *Id.*  The Court finds that the payment should be made by

---

[3] Nationwide has produced a privilege log as required by Rule 26(b)(5)(A), Fed. R. Civ. P.

Abelson's attorneys and not by Abelson himself. The liability of Attorneys Grady and Pinheiro for the amount of the expenses shall be joint and several.

Counsel for Nationwide shall file affidavits detailing the expenses which are claimed *on or before the close of business on January 26, 2012;* Abelson's attorneys may respond *on or before the close of business on February 9, 2012.*

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

January 9, 2012.