# United States District Court District of Massachusetts

NATIONWIDE MUTUAL
    INSURANCE COMPANY,
        Plaintiff,

V.                                 CIVIL ACTION NO. 2008-11073-DPW

SPINAL IMAGING, INC., ET AL.,
        Defendants.

## *REPORT AND RECOMMENDATION ON NATIONWIDE MUTUAL INSURANCE COMPANY'S MOTION FOR SANCTIONS AGAINST THE DEFENDANTS, SPINAL IMAGING, INC., BRUCE ABELSON, AND THEIR COUNSEL PURSUANT TO FED. R. CIV. P. 37(b)(2)(A) AND LOCAL RULES 1.3 AND 7.1(A)(2) (#178)*

COLLINGS, U.S.M.J.

    Contending that the defendants Spinal Imaging, Inc. ("Spinal") and Bruce Abelson ("Abelson") (collectively, "the defendants") have flagrantly violated

Court Orders compelling discovery, plaintiff, Nationwide Mutual Insurance Company ("Nationwide"), seeks the "most severe sanctions", i.e., dismissal of defendants' counterclaims pursuant to Rule 37(b)(2)(A)(v), Fed. R. Civ. P., and the entry of a default judgment on plaintiff's claims pursuant to Rule 37(b)(2)(A)(vi), Fed. R. Civ. P. (#178 at 2) The instant motion (#178) is the third motion for sanctions on which the Court has had to act. In the Orders on the first two motions, the Court declined to issue sanctions any more severe than requiring the defendants' attorneys to pay the reasonable expenses, including attorney's fees, which Nationwide incurred as a result of the failure to comply with the Orders. *See* ## 191, 195. However, the Court did find that the defendants had indeed violated the Court's Orders. As will be shown, *infra,* they have also done so with respect to the Court Orders which are the subject of the instant motion.

For the reasons stated in the two prior Orders of the Court (##191, 195) and the discussion recited *infra,* , the Court has determined to recommend that the defendants' counterclaims be dismissed as a sanction for all of the violations of the Court's Discovery Orders. Cumulatively, the defendants and their counsel have simply disregarded the Court's Orders and misrepresented facts to the

Court to such a degree that a sanction limited to just ordering the payment of fees is not sufficient. However, the Court declines to recommend that a default judgment enter against the defendants on plaintiff's claims, but the defendants and their counsel should be aware that further disobedience of the Court's Orders may very well prompt such a recommendation.

The Court shall now discuss the instant motion, first with respect to defendant Abelson and then with respect to Spinal.

*Defendant Abelson*

Nationwide claims that the defendant Abelson and his counsel have violated the Court's Order (#125) compelling discovery as to Requests ##3, 7 and 9. Request #3 sought "[a] complete copy of your *federal* income tax filings for the years 2006 to the present, including but not limited to: tax returns...". (#126-2 at p. 4) Although Abelson contended that he should not have to produce those documents, the Court ruled otherwise on the ground that they were relevant, *inter alia,* to the claims made in the defendants' counterclaims. Therefore, on March 14, 2011, the Court allowed the motion to compel the items sought by request #3 "for the years 2006 to 2010 subject to an agreed-upon protective order" but stipulated that "[r]edaction of personal identifiers

is permitted." (#153 at pp. 1-2)

Nationwide claims that Abelson produced only the first page of his 2007 return in response to the Order. In its Memorandum, Etc. (#179), Nationwide's counsel specifically notes Abelson's supplemental production on June 2, 2011 but states that no further part of the 2007 federal return was produced. In her response, Abelson's attorney writes: "A complete copy of Defendant Abelson's tax return was served via e-mail on May 24, 2011 (*See* Exhibit A [to #182]) followed by paper production by U.S. Mail." (#182 at p. 2).

Thus, the Court was faced with two contradictory statements. Nationwide's counsel maintained that only the first page of the 2007 federal return was produced; Abelson's counsel maintained a "complete copy" of Abelson's tax return was produced. Therefore, the Court directed the Clerk to make inquiry of Nationwide's attorney as to whether, in fact, Abelson's attorney had e-mailed the complete tax return as she stated. The Clerk reported back that Nationwide's counsel verified that the rest of the 2007 Federal return was not attached to the e-mail. Therefore, the Court issued an electronic order that Nationwide's counsel file under seal the documents which were, in fact, attached to the May 24, 2011 e-mail and to mail a copy of those documents to

Abelson's attorney. The filing has been received, and it is clear that only the first page of the 2007 federal return was disclosed. This is what Nationwide represented in its memorandum (#179 at p. 2) filed on September 6, 2011, and for Attorney Pinheiro to state on September 20, 2011 that "[a] complete copy of Defendant Abelson's tax return was served via e-mail on May 24, 2011... followed by paper production by U.S. Mail" is manifestly untrue and a *prima facie* violation of Rule 11(b)(3), Fed. R. Civ. P.

Request #7 sought an identification of Abelson's financial accounts from June, 2006 to the present and Request # 9 sought monthly statements and/or quarterly statements for each and every financial account maintained and/or used by Abelson between June, 2006 and the present. On March 14, 2011, the Court granted the motion to compel these documents permitting redaction of personal identifiers and social security numbers. No objection to the Order was filed pursuant to 28 U.S.C. § 636(b)(1)(A). Nationwide complains that Abelson never produced documents from accounts with Chase Home Finance and Crescent Credit Union, accounts which were referenced on tax returns which were produced. (#179 at p. 6)

In his opposition, Abelson states that "...Chase Home Finance, LLC

concerned Defendant Abelson's home mortgage and Crescent Credit Union was an escrow account opened thru [*sic*] the Office of Alfred E. Grady and these accounts had no relevance to business operations here at issue." (#182 at p. 3) Abelson further avers that he "...maintained the position that the escrow account falls within the purview of the Attorney Client Privilege." *Id.*

Of course, the salient point is that Abelson does not contend that documents from those accounts were not called for by Request #9. Further, even if a proper objection to Request #9 was made on the grounds of the attorney-client privilege, which is doubtful, *see* #126-4 at pp. 2-3, the assertion of the privilege was certainly not made "expressly" nor were the accounts at issue ever described "in a manner that...[would] enable the parties to assess the claim." Rule 26(b)(5)(A)(i)(ii), Fed. R. Civ. P. The claim of attorney-client privilege has been waived.

Even then, if Abelson thought that the accounts were otherwise confidential, the proper procedure would have been for Abelson to disclose the existence of the two accounts and seek a protective order pursuant to Rule 26, Fed. R. Civ. P. Abelson did file a motion for protective order with respect to a subpoena to Crescent (*see* #175) on the ground that Nationwide could not seek

financial information about a defendant on a prejudgment basis. However, Nationwide had always taken the position that the financial records were independently relevant to the claims made in the defendants' counterclaims, and the Court had agreed with Nationwide on this point. However, the Court denied the motion for protective order (#157) without prejudice for failure to comply with L.R. 7.1(A)(2). The motion was never refiled.

The defendants filed an emergency motion for protective order (#183) relative to a subpoena served on North East Savings Bank for defendants' records because they would only be relevant post-judgment and further sought an Order that no further records of defendants' accounts be subpoenaed without leave of court. In response to this motion, the Court entered an electronic order as follows: "The Court shall not consider issuing a protective order unless and until counsel for the defendants files a memorandum demonstrating why the documents sought are not relevant to the counterclaims asserted in this case against the plaintiff." No memorandum was ever filed in response, and the Court denied the motion a couple of months after the electronic order had issued on that basis.

Despite all of this, so far as appears, Abelson has not yet produced the records of the two accounts (Chase Home Finance, LLC and Crescent Credit

Union) in compliance with the Court's Order.[1] Sanctions pursuant to Rule 37(b)(2)(A), Fed. R. Civ. P., are warranted.

*Spinal Imaging, Inc.*

Nationwide's motion seeks sanctions against Spinal for failure to comply with the Court's Order *vis-a-vis* Requests ## 1, 3, 5, 7, 8, 12, 13, 14 and 27. Request #1 sought "a complete copy of Spinal Imaging's state and federal tax filings for the years 2001 to the present." The Order compelling discovery required production of these returns by April 22, 2011. Some of the materials were turned over in a timely manner on April 14th; additional materials were produced on June 2, 2011. Although Spinal violated the Court's Order by not obeying the deadline and not seeking an extension, that is not the major violation.

The major violation concerns the state tax returns for 2002 through 2007 which were never produced. (#179 at p. 8) Counsel for Spinal seems to admit that they have not been produced because in her opposition filed on September 20, 2011, she states that "[s]tate tax returns for 2002 through 2008 have been

---

[1] Although Nationwide's motion (#178) seeks sanctions against Abelson for allegedly failing to produce further documents pursuant to Request #15, the point is not argued in the memorandum (#179 at pp. 5-6) and is thereby considered waived.

*requested.*" (#182 at p. 4) The section ends with another reiteration of the argument, which the Court had rejected on several previous occasions, that "[t]he question still remains as to what basis Nationwide has in seeking confidential tax returns on a prejudgment basis." *Id.*

This course of conduct is intolerable, and is probably contumacious. Counsel for Spinal knew the Order required state tax returns because she did produce some state tax returns, albeit about six weeks late. Counsel knew the years for which the state tax returns were ordered. Yet on September 20, 2011, she states that she is just requesting them at that time, and then gratuitously repeats an argument which the Court has rejected.

Once a Court Order is issued by a magistrate judge, and no objection is filed within the time set by statute (28 U.S.C. § 636(b)(1)(A)), the Order is to be obeyed, even if counsel feels that he or she has been severely aggrieved by the Court's Order. The Court's Order with respect to Request #1 as to Spinal was disobeyed, and sanctions are warranted.[2]

At oral argument on March 8, 2012, the Court attempted to parse out exactly what was in dispute with respect to Requests ## 5 and 7. It appears

---

[2] At the Court's direction, the Clerk called Nationwide's counsel who reported that as of March 1, 2012, the state tax returns for 2001-2007 have not been produced.

that the issue is Nationwide's allegation that Spinal has not produced patient files for 407 of the 715 patients which Spinal listed in its initial disclosures. In the Court's Order (#156) entered on April 15, 2011, the Court allowed the motion to compel as to requests ## 5 and 7 (among others) as follows:

> ALLOWED to the extent that the defendant shall produce the patient files for all patients whose services were reimbursed by plaintiff from 2001-2007. The defendant shall produce the files on a rolling basis as they are assembled but production shall be completed *on or before the close of business on June 10, 2011*.

At the hearing, Spinal's counsel stated that Spinal unilaterally stopped producing copies of files when Nationwide refused to pay for the copying. However, she maintained that the files were always available for inspection by Nationwide's counsel at her office. Counsel for Nationwide denies that he was ever informed that there were additional files which had not been produced which were available for inspection at Spinal's counsel's office.

The Court tends to credit Nationwide's counsel's statement because at no place in Spinal's opposition to the motion as to ## 5 or 7 does Spinal's counsel argue that there are additional files sought by Nationwide which had not been produced because of the cost dispute but were made available for inspection. Further, if there was a dispute about costs, Spinal's counsel should have filed

a motion seeking assistance from the Court. In sum, the Court finds that Spinal has failed to comply with the Court's Order to produce the files by June 10, 2011 by either making copies or making the files available for inspection. Again, if more time had been needed to comply, a motion for an extension of time should have been filed.

Request #12 is next. So far as the Court can discern, no sanctions are warranted. In order to respond to the Court Order, counsel for Spinal subpoenaed the precise records Nationwide had sought relative to Spinal's account at Merrill, Lynch, and Merrill, Lynch produced a CD containing the records. It is a fair inference that if the last monthly statement Merrill, Lynch produced was for February 29, 2007 where the balance was 36 cents, there were no monthly statements thereafter.

With respect to Request #15, the matter is somewhat confusing. The Court ordered Spinal to produce records of any payments made by Nationwide to Spinal which are not reflected in copies of checks which Nationwide gave to Spinal. (#156) Apart from an allegation that Spinal did not produce records within the time specified, Nationwide complains that although Spinal "...claimed that it was producing payment records within the patient files", Spinal "has not identified which documents, if any, identify or demonstrate

11

payments from Nationwide to Spinal...". (#179 at p. 12)  Spinal complains that Nationwide is requiring Spinal to identify what documents in the patient files respond to the requests.  Of course, if the files were kept in the ordinary course of business, Spinal would not be required to do so.  No sanctions are warranted beyond those which would be appropriate for the failure to produce the patients files as discussed, *supra.*

The same analysis is applicable to Request #27 which seeks demand for payment issued by Spinal to Nationwide or to any other insurance carrier in this case.  Spinal avers that all such documents would be in the patient files.

*Sanctions*

Dismissal of the counterclaims of Spinal and Abelson is warranted on the record before the Court.  As indicated, *supra,* Abelson has failed to comply with the Court's Order that he produce his 2007 tax return, and his counsel made a representation to the Court which was manifestly untrue.   Abelson intentionally failed to produce documents from Chase Home Finance, LLC and Crescent Credit Union or take any steps to have the Court validate the assertion of privilege.  Rather, he or his counsel just refused to produce them.

Further, as detailed, *supra,* Spinal has violated the Court's Order that it

produce its state tax returns for 2002-2007. It has further violated the Court's Order to produce files by June 10, 2011 without seeking any relief from the Court if it could not comply by that date and it surely should have sought the Court's aid in the copying cost dispute rather than unilaterally deciding not to produce copies and not telling Nationwide's counsel that the originals were available for inspection.

As noted in the Court's Memorandum and Order, Etc. (#195) regarding Abelson's motion to compel, Abelson and his counsel deliberately filed that motion in direct contravention of an admonition by the Court. As set forth in the Court's Memorandum and Order, Etc. (#191), Spinal and its counsel failed to follow explicit instructions of the Court with respect to further answers to interrogatories.

Cumulatively, these violations of the Court's Orders by Spinal, Abelson and their counsel have reached an intolerable level such that the imposition of costs and attorney's fees is simply an inadequate sanction. Further, nothing less than a dismissal of the counterclaims will have any deterrent effect. To the extent that one can be objective about one's own conduct, the Court believes that it has been very patient with defendants' counsel and has made an effort to issue Orders which are clear. Violations of those Orders cannot be tolerated.

*Recommendation*

For all of these reasons, I RECOMMEND that the Court issue an Order dismissing all of the defendants' counterclaims pursuant to Rule 37(b)(2)(A)(v), Fed. R. Civ. P.

*Review by the District Judge*

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court **within 14 days of receipt of this Report and Recommendation**. See 18 U.S.C. § 636(b)(1)(B); Rule 72(b)(2), Fed. R. Civ. P. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140

(1985).

          */s/ Robert B. Collings*
          ROBERT B. COLLINGS
          United States Magistrate Judge

March 12, 2012.